UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 07-123-DLB

KEVIN KESSNICK                                                                                    PLAINTIFF

v.

CLUB CAR ACCEPTANCE CORPORATION, ET. AL.                       DEFENDANTS

AND

SUGAR BAY GOLF COURSE, LLC AND                                       DEFENDANTS/THIRD
O'CONNER SUGAR BAY GOLF, LLC,                                           PARTY PLAINTIFFS

v.

GARY KESSNICK, THE UNITED STATES,
THROUGH THE DEPARTMENT OF HEALTH AND HUMAN
SERVICES, THE CENTERS FOR MEDICARE AND
MEDICAID SERVICES, THE STATE OF OHIO and                          THIRD PARTY
ALABAMA BLUE CROSS/BLUE SHIELD                                       DEFENDANTS

*******************************

## MEMORANDUM OPINION

### I.   Introduction and Procedural History

This is a negligence and products liability action initiated in Gallatin County Circuit Court on April 17, 2006 to recover for injuries Plaintiff Kevin Kessnick sustained on September 8, 2005 at the Sugar Bay Golf Course when the golf cart in which Plaintiff was a passenger overturned.  Defendants in this action are the golf course (Sugar Bay Defendants), the golf cart distributor who allegedly sold the golf cart to the golf course in 2004 (Century Equipment), and the manufacturer of the golf cart (Club Car).  On June 12,

1

2006, Sugar Bay Golf Course filed a Third-Party Complaint against Gary Kessnick, for his role in operating the golf cart in which Plaintiff was a passenger when the accident occurred.

Defendants sought and, on June 1, 2007, were granted permission by Gallatin Circuit Court Judge J.R. Schrand to add as parties to the suit various subrogators, including the United States Department of Health and Human Services (DHHS). The DHHS was made a party to the state court action because some of Plaintiff's medical bills were being paid by Ohio Medicaid.[1]

On July 11, 2007, Defendants/Third-Party Plaintiffs Sugar Bay Golf Course and O'Connor Golf Course filed an Amended Third Party Complaint against the United States, through the Department of Health and Human Services, the Centers for Medicare and Medicaid Services, the Commonwealth of Kentucky, and Anthem Blue Cross/Blue Shield, demanding that the United States join the state court action to assert their respective subrogation interests or be forever barred from asserting same.

On August 6, 2007, the DHHS removed the matter to this court pursuant to 28 U.S.C. §§ 1441 and 1442. Since the removal, the parties have filed several motions[2] concerning pending case deadlines previously set by the state court, as well as other discovery-related matters. Due to the unusual timing of removal, the large number of

---

[1] According to Plaintiff's counsel, Plaintiff has been receiving Ohio Medicaid benefits since being transferred to an Ohio nursing home in January, 2007.

[2] Since the case was removed from state court, approximately ten motions seeking varying relief have been filed.

2

parties, and the Court's concerns over subject matter jurisdiction, the case was scheduled for the Court's monthly docket call.

On September 27, 2007, this matter was called during the Court's monthly docket call. Plaintiff was represented by James B. Helmer, Jr. and Paul B. Martins. Defendants were represented by Jason E. Abeln, John J. Garvey, III, Gary E. Becker, John W. Walters and Third-Party Defendant was represented by Assistant United States Attorney Thomas Lee Gentry. The proceedings were recorded by official court reporter, Lisa Wiesman. After hearing from counsel regarding the propriety of the removal and the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), the parties requested the opportunity to file memoranda in support of the removal. The parties having now submitted their written briefs in support of removal (Docs. # 51 (DHHS), 52 (Sugar Bay Defendants), 54 (Century Equipment), 55 (BC/BS of Alabama), 58 (Plaintiff)), and all parties having now been given the opportunity to be heard, the propriety of the Court's jurisdiction pursuant to § 1442(a)(1) is ripe for review. All parties argue that removal was proper. For the reasons that follow, the Court agrees and concludes that the case was properly removed pursuant to § 1442(a)(1).[3]

**II.   Discussion**

During the docket call, the Court addressed with the parties the propriety of the removal by Third Party Defendant DHHS. The Court also discussed with counsel the applicability of 28 U.S.C. § 1442(a)(1) to this case. After discussing with counsel the Sixth Circuit's decision in *First National Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir.

---

[3] The DHHS' motion to dismiss is addressed separately in a Memorandum Order entered concurrently herewith.

2002), the Court concludes that DHHS, brought in as a Third Party Defendant in state court, was permitted by statute to remove the case to federal court.  Although third party defendants are ordinarily precluded from removing cases to federal court, that general prohibition does not apply to the United States or any officer or agency of the United States seeking to remove pursuant to § 1442(a)(1).[4]  *See also Johnson v. R.G. Showers v. Nat'l Flood Ins. Program,* 747 F.2d 1228 (8th Cir. 1984) (although third-party defendant typically may not remove an action to federal court, third-party defendants proceeding under 28 U.S.C. § 1442(a)(1) may remove an action); *IMFC Prof'l Serv. of Fla., Inc. v. Latin Arn. Home Health, Inc. v. Schweiker,* 676 F.2d 152 (5th Cir. 1982); *Hendrickson v. Superior Aviation,* 934 F. Supp. 332 (E.D. Mo. 1996); *Davenport v. Borders v. Harris,* 480 F. Supp. 903 (N.D. Ga. 1979).

In the absence of a traditional basis for federal subject matter jurisdiction, a point conceded by counsel at docket call, the DHHS properly removed this action pursuant to 28 U.S.C. § 1442(a)(1) which provides that a civil action may be removed to the federal district court if the action is brought against [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In its recent decision in *City of Cookeville, Tennessee v. Upper Cumberland Electric Membership Corp.*, 484 F.3d 380 (6th Cir. 2007), the Sixth Circuit held that the text and

---

[4] Although the plain language of 28 U.S.C. § 1441 limits removal to defendant(s), §1442(a)(1) is not so limiting.

legislative history of § 1442(a)(1) demonstrate that any federal agency sued can always remove under § 1442(a)(1) because the "sued" clause in that provision applies only to federal officers, as opposed to the United States or its agencies thereof. 484 F.3d at 389. In its decision, the Sixth Circuit reiterated the Supreme Court's recent pronouncements that § 1442(a)(1) is broad and allows for removal when its requirements are met. 484 F.3d at 389, n.9. In fact, the Supreme Court has emphasized that removal pursuant to § 1442(a)(1) should be neither narrow nor limited. *Willingham v. Morgan,* 395 U.S. 402, 406 (1969). Furthermore, "the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' " *Arizona v. Manypenny,* 451 U.S. 232, 242 (1981) (quoting *Willingham,* 395 U.S. at 407).

As stated by the Sixth Circuit in *City of Cookeville*, "[o]ur independent reading of the text of § 1442(a)(1) is thus that a federal agency defendant may remove without more." *City of Cookeville*, 484 F.3d at 389-90. Although the Court initially had some reservations about the removal pursuant to § 1442(a)(1) based upon the statute's plain language (any officer ... of the United States or of any agency thereof sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for ... the collection of the revenue), any such doubts have been resolved by the *City of Cookeville* decision.[5]

---

[5] Although the Sixth Circuit has held that removal by a federal agency is proper pursuant to § 1442(a)(1) without having to assert a colorable federal defense, in this case, the DHHS has raised a colorable federal defense, to wit, sovereign immunity. In that regard, this is exactly the type of action that Congress intended to be resolved in federal court. By enacting the 1996 amendments to § 1442(a)(1), Congress recognized that "federal agencies have had to defend themselves in state court, despite important and complex federal issues such as preemption and sovereign immunity." H.R.Rep. No. 104-798, at 20 (1996). Congress' purpose was clearly to provide a federal forum for sovereign immunity issues to be resolved. *See* S.Rep. No. 104-366, at 30-31 (1996), *reprinted in* 1996 U.S.C.C.A.N. 4202, 4210-11 ("This section fulfills Congress'

In this case, the impleading of the DHHS as a party in the state court action so the Secretary can assert his potential subrogation interests is sufficient to remove pursuant to § 1442(a)(1).

**III.    Conclusion**

For all of these reasons, the Court concludes that this matter was properly removed by the DHHS pursuant to 28 U.S.C. § 1442(a)(1).

This 23rd day of October, 2007.



G:\DATA\ORDERS\Cov07\123 Order re 1442a1 jurisdiction.wpd

---

intent that questions concerning the ... scope of Federal immunity ... be adjudicated in Federal Court."). *City of Jacksonville v. Department of Navy*, 348 F.3d 1307, 1310-11 (11th Cir. 2003).